IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM LYLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-838-NJR-DGW |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DR. TROST, ARTHUR FUNK, | ) |
| GAIL WALLS, DR. LOUIS SCHICKER, | ) |
| KIMBERLY BUTLER, and | ) |
| TANYA SMITH, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald. G. Wilkerson (Doc. 73), which recommends that this Court deny the Motion for Summary Judgment filed by Defendant Wexford Health Sources (Doc. 46). The Report and Recommendation was entered on November 14, 2017. No objections were filed.

Plaintiff William Lyles filed this action asserting that Defendants violated his constitutional rights while he was incarcerated at Menard Correctional Center. Plaintiff proceeds on the following count:

Count One: Eighth Amendment deliberate indifference to medical needs claim against Defendants for denying Lyles adequate medical care for his shoulder injury and related pain.

Specifically, as to Wexford, Lyles argues that Wexford has a policy and/or practice of failing to provide competent medical professionals and failing to provide

appropriate medical care because of cost. Wexford filed a Motion for Summary Judgment (Doc. 46) arguing that Lyles failed to exhaust his administrative remedies before bringing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Wexford's motion on November 13, 2017. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 73). Objections to the Report and Recommendation were due on or before December 1, 2017. No objections were filed.

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed the evidence and the Court fully agrees with his findings, analysis, and conclusions with respect to the issue of exhaustion. Magistrate Judge Wilkerson determined that Lyles was credible in

his assertion that he submitted the December 21, 2015 and January 17, 2016 grievances but received no response to those grievances, and that credibility determination is entitled to deference. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). The Court also agrees that Lyles properly exhausted his administrative remedies as to Wexford with respect to his policy and practice claim.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 73) in its entirety and **DENIES** the Motion for Summary Judgment (Doc. 46) filed by Wexford.

**IT IS SO ORDERED.**

DATED:   January 11, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**